**Joseph PHILLIPS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–87–00324–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 31, 1988.

Jesse R. Funchess, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, Carol Cameron, Asst. Dist. Atty., for appellee.

Before JACK SMITH, SAM BASS and COHEN, JJ.

OPINION

JACK SMITH, Justice.

The jury found appellant guilty of murder, and the trial court assessed punishment at 16 years confinement. In his sole point of error, appellant contends that the trial court erred in using Tex.Code Crim.P. Ann. art. 34.03 (Vernon 1966) to select veniremen to serve on the jury panel. Specifically, appellant contends that the statute was not applicable and therefore his right to due process was violated under both the United States and Texas Constitutions. U.S. Const. amend. XIV; Tex. Const. art. I, § 19. Appellant does not challenge the sufficiency of the evidence.

Trial was set for the week of February 2, 1987. On February 5, appellant's case was called for trial, and the trial court determined that the number of persons available to serve on the jury venire was insufficient. In order to provide an adequate venire, the trial court ordered the Harris County Sheriff to summon an additional 60 legally qualified county residents for jury duty. Deputy sheriffs complied by compelling county residents, found in and around the courthouse, to serve on the venire panel.

Appellant challenged the array, asserting that "the officers summoned a majority of people of other races from the street and left off black citizens." He further asserted that he "was in fact subject to a trial by citizens procured for trial without prior notice so that they could arrange their personal business so as to serve as jurymen under calm professional circumstances," and thus was denied his right to a fair trial. The trial court held a hearing on appellant's challenge, and overruled it.

Tex.Code Crim.P.Ann. art. 35.07 (Vernon 1966) states that:

[e]ach party may challenge the array only on the ground that the officer summoning the jury has wilfully summoned jurors with a view to securing a conviction or an acquittal. All such challenges must be in writing setting forth distinctly the grounds for such challenge. When made by the defendant, it must be supported by his affidavit or the affidavit of any credible person. When such challenge is made, the judge shall hear evidence and decide without delay whether or not the challenge shall be sustained.

Because appellant's objections at trial must comport with those he raises on appeal, we will consider only those objections that are in both appellant's challenge to the array and his brief on appeal. *See Crocker v. State,* 573 S.W.2d 190, 205 (Tex.Crim. App.1978).

■ Initially, we take judicial notice that, pursuant to Tex. Gov't Code Ann. § 62.011 (Vernon Pamph.1988), Harris County has adopted a "plan for the selection of names of persons for jury service with the aid of electronic or mechanical equipment instead of drawing the names from a jury wheel." Because Harris County does not use a jury wheel, the trial court had the authority under Tex.Code Crim.P. Ann. art. 34.02(b) (Vernon 1966) to order the Sheriff to locate additional qualified venire-persons. Article 34.02(b) provides that in counties that do not use the jury wheel, when the available venire has been exhausted, the court shall order the Sheriff to summon additional venire-persons.

■ Appellant has failed to show that he was harmed by the trial court's actions. At the hearing on appellant's challenge to the array, he failed to produce any evidence that the Sheriff *wilfully* summoned jurors *with a view to securing a conviction or acquittal.* Furthermore, appellant failed to show that any jurors were unqualified or were objectionable, or that he was forced to accept an unacceptable juror because all of his peremptory strikes were used. *Esquivel v. State,* 595 S.W.2d 516, 523 (Tex.Crim.App.1980).

Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.